## Case No. 10,952.

PENNSYLVANIA v. ARTMAN et al.

[20 Leg. Int. 364;[1] 5 Phila. 304; 3 Grant, Cas. 436; 11 Pittsb. Leg. J. 123.]

Circuit Court, E. D. Pennsylvania. 1863.

REMOVAL OF CAUSES—CRIMINAL PROSECUTION— WHEN COMMENCED.

[Cited in Georgia v. Bolton, 11 Fed. 218, to the point that a criminal prosecution is commenced, within the meaning of section 643 of the Revised Statutes, as soon as a warrant has been issued, and is then removable into the United States circuit court.]

This was a criminal prosecution in the court of quarter sessions of Bucks county, against [Enos Artman and Henry W. Bach] officers of the United States appointed under the "Conscription Act," for an alleged assault and battery. The case was certified by the state court, under the act of March 3, 1863 [12 Stat. 756], to the circuit court of the United States, before indictment found. The prosecution took a rule in the circuit court to show cause why the record should not be remitted to the state court. The counsel for the commonwealth of Pennsylvania and the prosecutors urged that the act of March 3, 1863, was unconstitutional. The circuit judge said, that he had already in a previous case, recently decided, Hodgson v. Millward [Case No. 6,568], held the act of congress to be constitutional; but as the case had been certified before there was an indictment, he thought the record should be remitted to await the action of the grand jury of Bucks county in the case.

GRIER, Circuit Justice. We feel compelled to grant this motion, but not for any reason alleged by counsel here, or brought to the notice of the learned judge of the state court, who certified the record to this court. The fifth section of the act of congress of 3d March, 1863, c. 81, enacts "that if any suit or prosecution has been or shall be commenced in any state court against any officer, civil or military," &c., &c., he may "file a petition for the removal of the cause for trial at the next circuit court of the United States to be holden in the district where the suit is pending," &c. The petition of the defendants brings their case fully within the provisions of this section. But the removal is premature. The prosecution has not been commenced in the state court. A warrant has been issued by a justice of the peace, and the defendants have been arrested preparatory to the commencement of a prosecution in the state court, but the attorney for the commonwealth has not sent a bill to the grand jury. We do not know, therefore, whether the commonwealth of Pennsylvania intends to prosecute the defendants for the alleged offence, or whether the grand jury will find a bill, without which the prosecution cannot be said to be "commenced in the state court." The act contemplates the removal of a prosecution "pending," that a "trial" may be had in the circuit court. If the attorney of the United States were required to send a bill of indictment before a grand jury of the United States court for a breach of the peace of the state, it would present a truly anomalous proceeding. Yet without it there would be no case to try in the circuit court. If a bill of indictment had been found in the state court it would have

---

[1] [Reprinted from 20 Leg. Int. 364, by permission.]

presented such a case—but until this is done, there is no case pending in the court of Bucks county, which can be removed to this circuit for trial.